O’NIELL, J.
The defendant, relator in this proceeding, was indicted for the crime of horse stealing. He was tried by a jury, on the general plea of not guilty, and was acquitted on the ground of insanity; the verdict of the jury being:
“We, the jury, find the accused not guilty in the manner and form as charged against him in the bill of indictment filed against him, on account of insanity.”
The judge then ordered the defendant committed to the state asylum for the insane, and he was remanded to the parish prison.
Two months later — that is, nearly seven months after the date of the alleged crime — • while the defendant was yet in the parish ' prison awaiting accommodations at the asylum for the insane, his attorney filed habeas corpus proceedings against the sheriff, alleging that the relator had regained his mental faculties and was not then subject to interdiction or confinement in a hospital for insane persons. He annexed to his petition a physician’s certificate, showing that, in the doctor’s opinion, the relator was entirely restored to his reason and should be released from custody.
The judge issued a rule upon the sheriff, ordering him to bring the relator into court and show cause why he should not be released from custody. It appears that the sheriff did not deny that the relator had recovered his reason and was then not subject to interdiction or confinement as an insane person. On the contrary, it seems that the sheriff was entirely willing and ready to abide by the judgment of the court in that respect.
On trial of the rule against the sheriff, the relator’s attorney offered in evidence the expert testimony of throe physicians, including the coroner of the parish, to prove that the relator had entirely recovered his mental faculties and that his going at large would not be dangerous to the community. Thereupon the judge interrupted the proceedings, ruled that he would decide the case solely upon the record in the criminal prosecution, and, without hearing any testimony, he dismissed the habeas corpus proceedings and ordered the prisoner remanded to jail to await his commitment to the asylum for the insane.
The present proceeding is for a writ of mandamus to compel the district judge to hear testimony on the question of the present sanity or insanity of the relator and to proceed with the trial and disposition of the habeas corpus suit.
In his answer to the rule to show cause why the relief prayed for by the relator should not be granted, the district judge takes the position that the verdict of the jury in the criminal prosecution, adjudging the defendant “not guilty on account of insanity,” put an end to the jurisdiction of the court on the question of sanity or insanity subsequent to the alleged commission of the crime. His honor therefore contends that the question of present sanity or insanity of *281 the relator should be determined by the authorities in charge of the. state aslyum for the insane.
Opinion.
[1] The district judge has, apparently, confused the question of sanity or insanity of the accused person at the time of the alleged commission of the crime charged, that is, the question of insanity as an excuse for the offense, with the question of insanity at-the time of the trial or subsequent thereto, that is, what is technically termed “present insanity.” The distinction was recognized in a very recent decision, in the case of State v. McIntosh, 136 La. 1000, 68 South. 104, where it was held that the question of sanity or insanity of a person charged with crime, with reference to the time of the alleged crime, should be determined by the jury, like any other question of fact pertaining to the questain of guilt or innocence, but that the question of present insanity should be determined by the judge. The verdict of a jury, in a criminal prosecution on the general plea of not guilty, adjudging the defendant “not guilty on account of insanity,” does not dispose of the question of his mental condition at the time the verdict is rendered.
Section 995 of the Revised Statutes provides that, whenever the jury in a criminal prosecution, on the general issue of not guilty, acquits the defendant because of his insanity, it is the duty of the jury to state in the verdict that it was rendered on account of insanity of the person accused. The statute, of course, refers to insanity at the time of the alleged commission of the crime charged, because a plea of present insanity is to be determined, not by the jury, nor on the general issue of “not guilty,” but by the judge, on a special plea.
[2] Provision is also made in the Revised •Statutes for the supposition that a person who has been acquitted of a crime, merely because the jury who tried the case believed that he was insane at the time of the offense, might yet be insane at the time of his acquittal, and that his release from custody might be dangerous to the community. Section 993 provides that, whenever a person charged with crime is acquitted by a jury because of insanity or mental derangement of the person accused, and the judge deems it dangerous to the community for the person so acquitted to be discharged and go at large, the judge has authority to commit the acquitted person to the state hospital for the insane, or to any similar institution in any parish within the jurisdiction of the court. But the judge’s authority in that respect is limited to cases in which he deems it dangerous to the community to let the acquitted person be released from custody and go at large. In this instance, the district judge, under the impression that the verdict of the jury had divested his court of jurisdiction of the question of present insanity of the relator, refused to consider the question of danger to the community for the relator to be discharged and go at large. Our conclusion is that there was error in the ruling, and that the relator is entitled to the relief prayed for.
It is ordered that the writ of mandamus issue as prayed for, commanding the district judge to hear evidence on the question of present sanity or insanity of the relator and to proceed with the trial and disposition of the habeas corpus suit.